ON MOTION
GAJARSA, Circuit Judge.

ORDER

The Office of Personnel Management (OPM) moves for summary affirmance of the final order of the Merit Systems Protection Board dismissing Ettie R. Lawrence’s appeal for lack of jurisdiction. Lawrence opposes and moves for various relief.* OPM responds.
On May 13, 2003, OPM denied Lawrence’s claim for to a former spouse survivor annuity. On appeal, the Board affirmed OPM’s decision. Lawrence filed a petition for review with this court and was represented by counsel. In 2006, the parties entered into a settlement agreement and this court granted the parties’ joint motion to dismiss the petition due to settlement.
Pursuant to the express terms of the agreement, OPM retroactively awarded the appellant former spouse survivor annuity benefits for the period from June 11, 1998 until May 31, 2003. The agreement noted that “[pjursuant to this agreement, 5 U.S.C. § 8341(h)(3)(B), and 5 C.F.R. Part 831, Subpart F, Ms. Lawrence’s former spouse survivor annuity entitlement will terminate on May 31, 2003, the last day of the month prior to her remarriage, at age 54, on June 28, 2003.” Additionally, Lawrence expressly agreed to waive all appeal rights related to her claim for a former spouse survivor annuity. The settlement agreement stated:
Ms. Lawrence warrants and represents that no other action or suit with respect to the claims advanced in this appeal is pending or will be filed in or submitted to any other court, administrative agency, or legislative body, including any action or suit against any officer or employee of the United States, or their successors, in their individual or official capacity.
Later in 2006, Lawrence sought to continue her annuity beyond the May 31, 2003 date. OPM denied her request for a continuation of her annuity. On appeal, the Board found that the settlement agreement clearly indicated that her annuity would terminate upon remarriage before the age of 55 and that pursuant to the settlement agreement Lawrence waived any appeal rights with respect to her entitlement to the annuity. Due to the waiver provision, the Board determined it lacked *896 jurisdiction over Lawrence’s second appeal. The Board also noted that, pursuant to statute, 5 U.S.C. § 8341(h)(3), any entitlement to a former spouse annuity is terminated on the last day of the month before remarriage before the age of 55. Lawrence petitions this court for review.
Summary affirmance of a case is appropriate “when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). Here, the Board correctly concluded that it lacked jurisdiction over Lawrence’s appeal. The Board correctly determined that this case involves the same claim for benefits sought in the previous appeal, i.e., a former spouse survivor annuity, and that Lawrence waived any right to a subsequent appeal when she signed the settlement agreement that contained the waiver provision. Lawrence’s asseitions to the contrary are without merit.
Because the Board correctly determined that Lawrence’s appeal was not within its jurisdiction, we conclude that no substantial question exists regarding the outcome of this petition. Therefore, summary affir-mance is appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) The motion for summary affirmance is granted.
(2) Each side shall bear its own costs.

 Lawrence's motions are denied.